In re John A. BODZIAK, Jr., Debtor.

CENTRUST SAVINGS BANK, Plaintiff,

v.

John A. BODZIAK, Jr., Defendant.

Bankruptcy No. 87–2312–BKC–8P7.
Adv. No. 87–305.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 16, 1988.

John A. Bodziak, Jr., pro se.

Joseph Fritz, Tampa, Fla., Trustee.

Terry McCollough, Orlando, Fla., Brian K. Gart, Miami, Fla., for plaintiff.

### ORDER VACATING FINAL JUDGMENT BY DEFAULT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is brought to this Court's attention by a pro se Debtor who on October 31, 1988, addressed a letter to this Court objecting to the entry of a Final Judgment by Default instituted against the Debtor by Centrust Savings Bank (Centrust) in Adversary No. 87–305. The Court, having reviewed the allegations set forth in the letter by the Debtor and the record, is satisfied that the point raised by the Debtor is well taken and the relief sought by him should be granted for the following reasons:

On April 30, 1987, John A. Bodziak, Jr. (Debtor), filed his Voluntary Petition for Relief under Chapter 7 in proper person. In his Petition the Debtor listed his mailing address as Post Office Box 7035, St. Petersburg, Florida 33734. It appears that after the Petition was filed, Mr. Bodziak has been incarcerated and was initially confined in a federal prison compound at the Maxwell Air Force Base in Montgomery, Alabama, and in due course notified the office of the Clerk of the Bankruptcy Court on February 14, 1988, of his new address. Later on he was transferred to the federal prison camp at Saufley Field, USN Building 2440, Pensacola, Florida 32509.

On August 8, 1987, Centrust filed a Complaint and sought an order denying the Debtor's discharge and, in the alternative, a determination that the debt owed by the Debtor to Centrust shall be declared to be nondischargeable. On August 12, 1987, the Clerk of the Bankruptcy Court issued the summons which directed the Debtor to file a responsive pleading to the Complaint on or before September 12, 1988. On August 31, Centrust filed an Amended Complaint which again sought a determination by this Court that the debt owed by the Debtor to Centrust shall be excepted from the general protective provisions of the discharge. The record fails to disclose any proof of service on the Debtor either of the original or of the Amended Complaint; neither was the summons issued on August 12, 1987, or were properly served notwithstanding the certificate of service attached to the Amended Complaint which certified that the Amended Complaint was mailed to the Debtor to Post Office Box 7035, St. Petersburg, Florida 33734. The certificate of mailing of service fails to disclose a mailing of a summons which was dated August 28, 1987. On June 17, 1988, or about five months after the Debtor notified the Clerk's office of his change of address, Centrust filed a Motion for Entry of Default which was accompanied by affidavit in support of the allegations in the Amended Complaint and also an Affidavit which is titled "Affidavit of Non–Military Service of the Defendant". This Affidavit fails even to intimate or state indirectly that the Defendant is, in fact, not in the military service and contains nothing but a verification under oath that the allegations set forth in the Amended Complaint are true and includes the conclusionary statement by the Affiant that the debt owed to Centrust is a nondischargeable debt. On June 27, 1988, Centrust filed a Motion for Entry of a Final Default Judgment. Notwithstanding of a facially defective record, the Clerk on June

28, 1988, entered an order by default based on the alleged fact that the Defendant has failed to plead or respond to the Amended Complaint. On July 7, 1988, this Court entered an order entitled "Order Granting Final Default Judgment", prepared by counsel for the Plaintiff, which directed the Debtor to pay to Centrust $1,830,219.40. On October 31, 1988, this Court received a letter from the Debtor contending that he never received a notice of the Complaint of Centrust; that the Complaint was not filed within the time provided by the Rules, thus, it was untimely; that he was never served with a copy of the Complaint or the summons in spite of the fact that he promptly notified the office of the Clerk of his change of address. In addition, the Debtor contends that he was promised by the counsel for Centrust that they would not pursue their claim against the Debtor in bankruptcy.

Considering this record, it is crystal clear that the entry of the Order granting the final default judgment was improper and should be vacated and set aside for the following reasons: First, there is nothing in this record to establish that the Debtor was properly served pursuant to the provisions of Bankruptcy Rule 7004; second, Centrust, never filed a proper affidavit of non-military service as required by Federal Rules of Civil Procedure 55 as adopted by Bankruptcy Rule 7055 and by the Soldiers' and Sailors Civil Relief Act of 1940, 50 U.S.C. App. 501, *et seq. See* also, *Ledwith v. Storkan* (D.Neb.1942), 6 F.R.C. 60(b).24, Case No. 2, 2 F.R.D. 539.

Based on the foregoing, this Court is satisfied that the entry of a default by the Clerk was in error and so was the entry of an Order entitled "Order Granting Final Default Judgment", and, therefore, it is appropriate to vacate both and direct the Plaintiff, Centrust, to effectuate proper service on the Debtor with full compliance of the service requirements of Bankruptcy Rule 7004 by mailing a copy of the Complaint, together with an alias summons to be issued by the Clerk to the last address of record of the Debtor, which is FPC Saufley Field, USN Building 2440, Pensaco-la, Florida 32509. Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the default heretofore entered and the Final Judgment by Default be, and the same are hereby, vacated and set aside. It is further

ORDERED, ADJUDGED AND DECREED that unless the Plaintiff effectuates the proper service on the Defendant within 30 days from the date of the entry of this Order, the Complaint shall be dismissed for lack of prosecution. It is further

ORDERED, ADJUDGED AND DECREED that if service is effected as required by law and the Defendant files a responsive pleading, either by way of motion or answer, the matter shall be rescheduled for a pre-trial conference.