In re OLYMPIA HOLDING CORPO-
RATION, f/k/a P*I*E Nation-
wide, Inc., et al., Debtor.

Lloyd T. WHITAKER, as Trustee of the
Estate of Olympia Holding Corporation,
f/k/a P*I*E Nationwide, Inc., et al.,
Debtor, Plaintiff,

v.

COLUMNS, INC., Defendant.

Bankruptcy Nos. 90–4223–
3P7, 90–4195–3P7.
Adversary No. 92–8630.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Jan. 26, 1998.

Steven M. Pesner, Erika K. Thomas, Akin, Gump, Strauss, Hauer & Feld, L.L.P., New York City, for Olympia Holding.

Charles Walker McBurney, Jr., Fischette, Owen & Held, Jacksonville, FL, for Appellant.

John B. MacDonald, Brant, Moore, Sapp, MacDonald & Wells, P.A., Robert Drake Wilcox, Jacksonville, FL, for Appellee.

*ORDER DENYING MOTION TO
SET ASIDE DEFAULT
AND JUDGMENT*

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon the Motion to Set Aside Default and

Judgment filed by Defendant. After a hearing on January 8, 1998, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. On October 16, 1990, Olympia Holding Corporation (Debtor), a Florida corporation, filed a petition for relief under Chapter 11 of the Bankruptcy Code. Lloyd T. Whitaker (Plaintiff) was appointed Chapter 11 Trustee.

2. On March 11, 1991, an order converting Debtor's case to a Chapter 7 case was entered. Plaintiff was appointed Chapter 7 Trustee.

3. Plaintiff filed a Complaint for Turnover of Property and for Money Judgment against Defendant on June 22, 1992.

4. A copy of the Amended Complaint, filed on October 7, 1992, and a summons were properly served on the defendant.

5. Defendant failed to answer the Complaint, or to otherwise appear. Consequently, a default and judgment were entered against the defendant by this Court on April 5, 1993, and April 7, 1993, respectively.

6. Defendant filed a Motion to Set Aside Default and Judgment on April 2, 1997. A hearing on the motion was held on January 8, 1998.

### CONCLUSIONS OF LAW

In its Motion, the defendant seeks relief from the default and judgment entered against it in this proceeding pursuant to Federal Rule of Civil Procedure 60(b)(4), (5), and (6)[1]. Federal Rule of Civil Procedure 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a *reasonable time,* and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b) (1997) (emphasis added). The defendant contends that the default and judgment entered against it in this proceeding should be set aside pursuant to Rule 60(b) because: (1) the judgment is void; (2) it would be inequitable that the judgment should apply prospectively; and, (3) the interests of equity and justice require that it be set aside.

■ The Court first finds that it properly exercised subject matter jurisdiction in this proceeding, and rejects Defendant's argument that the judgment is void.

■ Defendant next argues that the judgment must be set aside based on Rule 60(b)(5), which permits a court to relieve a party from a judgment when it is no longer equitable that the judgment should have prospective application. According to the defendant, the Middle District of Florida, in *Whitaker v. Frito–Lay, Inc. (In re Olympia Holding Corp.),* 160 B.R. 185 (M.D.Fla.1993), as well as the Eleventh Circuit Court of Appeals, in *Whitaker v. Frito–Lay, Inc. (In re Olympia Holding Corp.),* 88 F.3d 952 (11th Cir.1996), *aff'g* 160 B.R. 185 (M.D.Fla.1993), rejected the plaintiff's theory of relief, which makes the prospective application of this theory to the defendant unjust. The Court disagrees, and finds that the judgment in this proceeding does not have prospective application as required for relief under Rule 60(b)(5).

■ The defendant's final argument in favor of setting aside the judgment is that, under Rule 60(b)(6), equity compels that the judgment be set aside given a supervening change in law which occurred in this proceed-

---

1. Federal Rule of Bankruptcy Procedure 9024, entitled "Relief From Judgment Or Order", makes Federal Rule of Civil Procedure 60 applicable in cases under the Bankruptcy Code, with certain exemptions not relevant to the instant proceeding.

ing. However, relief pursuant to Rule 60(b)(6) may only be granted in exceptional or extraordinary circumstances. *Drake v. Dennis et al. (In re Dennis)*, 209 B.R. 20, 27 (Bankr.S.D.Ga.1996).

Approximately four years elapsed between the time the default and judgment were entered in this proceeding (April 5, 1993, and April 7, 1993, respectively) and the time the defendant filed its Motion to Set Aside Default and Judgment (April 2, 1997). In the absence of an explanation for Defendant's delay, the Court does not find four years to be a reasonable time as required by Rule 60(b).

█ Regarding the delay in filing its Rule 60(b) Motion, the defendant argues that Plaintiff's and Defendant's counsel communicated over two years after the entry of the judgment respecting an agreement to cease further action on a motion to set aside. However, even if the relevant time period is considered to be two years, rather than four, the Court finds the length of the delay in filing the Rule 60(b) motion to be unreasonable in this proceeding.

The defendant has failed to demonstrate the presence of exceptional or extraordinary circumstances in this proceeding. In fact, the defendant offered no justification or excuse for its failure to assert a timely appeal to the judgment, or for its failure to file a Rule 60(b) motion in the two years following entry of the judgment. Defendant has thus failed to demonstrate any basis for relief under Federal Rule of Civil Procedure 60(b)(4), (5), or (6). It is,

ORDERED:

Defendant's Motion to Set Aside Default and Judgment is denied.