**In re OLYMPIA HOLDING CORPORATION et al., Debtors.**

**Lloyd T. Whitaker, etc., Plaintiff,**

**v.**

**American Partitions, Inc., Defendant.**

**Bankruptcy No. 90–04195–BKC–3P7. Adversary No. 92–2503.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Feb. 16, 1999.

Lloyd Whitaker, Atlanta, GA, Trustee.

Steven M. Pesner, Akin, Gump, Strauss, Hauer & Feld, L.L.P., New York City, Robert D. Wilcox, John B. MacDonald, Brant,

Moore, MacDonald & Wells, Jacksonville, FL, for Plaintiff.

Stephen W. Beyer, Augello, Pezold & Hirschmann, P.C., Huntington, NY, Sol H. Proctor, Jacksonville, FL, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND JUDGMENT BY DEFAULT

C. TIMOTHY CORCORAN, III, Bankruptcy Judge.

This adversary proceeding came on for consideration of the defendant's motion to set aside default and judgment by default pursuant to:

a. Judge Corcoran's Administrative Lead Case Initial Case Management Order entered on March 5, 1998, and the First Supplement thereto entered on July 6, 1998, in Adversary No. 91–00192, *Lloyd T. Whitaker, etc. v. Sportsstuff, Inc.* (Documents Nos. 25 and 32A);

b. the parties' Stipulation Regarding Pending Motions to Vacate Default Judgments filed on May 18, 1998, in that adversary proceeding (Document No. 30); and

c. the parties' Stipulation Regarding Pending Motions to Vacate Default Judgments filed on July 10, 1998, in that adversary proceeding (Document No. 33) [a copy of which also appears in this adversary proceeding as Document No. 16].

Pursuant to the court's orders and the parties' stipulations, this adversary proceeding has been designated as the "lead case" for the 22 proceedings in the "lack of service" group as set forth in the schedule appearing as Attachment 2 to the stipulation described in paragraph (c) above. Accordingly, the decision contained in this order applies to all of the proceedings in that "lack of service" group.

As the file reflects, the defendant has filed its motion containing an affidavit and legal memorandum (Document No. 17), the plaintiff has filed his opposing legal memorandum (Document No. 18), and the defendant has filed its reply memorandum (Document No. 19). In consideration of these papers and the entire file, therefore, the court decides the issues as follows:

### PROCEDURAL POSTURE

On January 29, 1993, the clerk entered a default against the defendant for failure to plead or otherwise defend as provided by the rules (Document No. 6). On the same day, the court entered an order granting the plaintiff's motion for the entry of judgment and a separate judgment by default in the amount of $5,883.54 (Documents Nos. 7 and 8). A month and a half later, on March 19, 1993, the defendant filed its original motion and affidavit to set aside the default and judgment by default (Document No. 9). The defendant also filed a proposed answer and affirmative defenses (Document No. 11).

Because this was one of literally thousands of adversary proceedings raising the same kinds of "undercharge" claims assigned to the undersigned judge, the court took no action on the motion pending the development with counsel of an agreed framework within which to determine the many issues pending in these adversary proceedings. Ultimately, the court and counsel developed such a framework as set forth in the orders described in paragraph (a) above. Accordingly, the parties have now briefed the issues for the court's determination.

### FACTS

On October 16, 1990, Olympia Holding Corporation, formerly known as P*I*E Nationwide, Inc., filed for relief under Chapter 11 of the Bankruptcy Code. The court later converted the case to a case under Chapter 7, and the plaintiff became the Chapter 7 trustee. This adversary proceeding is one of approximately 32,000 asserting the same kinds of claims filed by the plaintiff in the bankruptcy case.

The debtor was a motor carrier that shipped freight for the defendant before the filing of the bankruptcy case. On May 1, 1992, the plaintiff brought this adversary proceeding against the defendant. Among other claims, the plaintiff seeks to recover amounts allegedly owed to the debtor arising from "undercharges," the differences between the undiscounted or published rates

and the discounted rates actually billed to and paid by the defendant.

On May 12, 1992, the plaintiff served the summons and complaint by regular first class United States mail to:

Paul J. Varni, Reg. Agent

AMERICAN PARTITIONS INC.

18335 Mount Langley St.

Fountain Valley, CA 92708

Later, on January 29, 1993, the court entered its order granting the plaintiff's motion for entry of judgment by default and the judgment.

The affidavit of the defendant's president, Paul J. Varni, filed in support of the motion to set aside the default and judgment by default, provides the following additional facts:

The defendant did not receive the summons and complaint through the U.S. Mail when the plaintiff served them in May. The first time the defendant received notice of the filing of the adversary proceeding was its receipt of the notice of the entry of the court's judgment.

This failure to receive notice apparently stems from the fact that the plaintiff mailed the summons and complaint to the defendant's former address, an address from which the defendant moved in October 1991, approximately seven months before the plaintiff filed the adversary proceeding. The defendant's new address is 29722 Avienda de las Banderas, Rancho Santa Margarita, CA 92688.

Although the defendant gave mail-forwarding instructions to the U.S. Postal Service, it routinely experienced problems in having its mail forwarded from its old address. As stated in the Varni affidavit:

At our old address, we shared the building with another party. After we moved, our former co-tenant was uncooperative in forwarding our mail to our new address after the post office forwarding order expired.

[Varni aff., ¶ 6, Doc. No. 17].

When the plaintiff mailed the notice of the entry of the judgment to the defendant, representing the first notice the defendant received of the adversary proceeding, the plaintiff used the defendant's new mailing address.

The defendant promptly engaged counsel when the defendant received the notice and learned of the filing of the adversary proceeding. On March 19, 1993, counsel for the defendant then filed the initial papers to set aside the default and judgment by default.

Although not established by affidavit in this record, the plaintiff apparently served the defendant at the old Fountain Valley address because that was the address of the defendant then on record with the California Secretary of State. The defendant did not update its new address with the Secretary of State until July. As stated in the Varni affidavit:

As a regular business practice, we file an annual report with the Secretary of State for the State of California updating our corporate information, each year on the anniversary of incorporation That [sic] annual report is filed on or about July 5th each year.

[*Id.* at ¶ 5].

## DISCUSSION

### The Legal Standards

F.R.Civ.P. 55(c), incorporated by F.R.B.P. 7055, permits the court to set aside a judgment by default "in accordance with Rule 60(b)." F.R.Civ.P. 60(b)(4), incorporated by F.R.B.P. 9024, permits the court to set aside a judgment that is "void."

◼ Judgments entered by courts without notice to and service upon the defendant have always been considered void. This is because constitutional due process requires, among other things, that a party receive adequate notice of an action against it before the court acquires jurisdiction over that party. As one court has written:

[A]n in personam judgment entered without personal jurisdiction over a defendant is void as to that defendant. And, since service of process is the means by which a court asserts jurisdiction to adjudicate the rights of a party, it is uniformly held that a judgment is void where the requirements

for effective service have not been satisfied.

*Combs v. Nick Garin Trucking,* 825 F.2d 437, 442 (D.C.Cir.1987)(footnotes omitted)[applying Rule 60(b)(4) ]. *See also* Campbell *v. Castelo (In re Campbell),* 105 B.R. 19, 21 (9th Cir. BAP 1989); *Gold Kist, Inc. v. Laurinburg Oil Co.,* 756 F.2d 14, 19 (3d Cir.1985); *Recreational Properties, Inc. v. Southwest Mortgage Service Corp.,* 804 F.2d 311, 314 (5th Cir.1986).

■ Accordingly, our court of appeals has held that, where service was not accomplished, "the judgment entered . . . was void because the . . . complaint was required to be personally served upon the [defendant] and was not so served, and thus the [trial court] erred in not granting relief to the [defendant] under Rule 60(b)(4)." *Varnes v. Local 91, Glass Blowers Ass'n of the United States & Canada,* 674 F.2d 1365, 1368 (11th Cir.1982). Thus, where a defendant never receives the summons and complaint, it is appropriate to vacate the judgment by default. *Centrust Savings Bank v. Bodziak (In re Bodziak),* 92 B.R. 954, 955 (Bankr.M.D.Fla.1988).

In this case, the plaintiff served the summons and the adversary complaint by first class United States mail as permitted by F.R.B.P. 7004(b)(3). Although service by mail is an efficient and economical means of effecting service of process, it is not as reliable as personal service by a deputy marshal, deputy sheriff, or process server. If the defendant does not in fact receive the process, the plaintiff does not know about the lack of receipt.

■ In situations such as this, the law provides a rebuttable presumption that the defendant received the mail properly posted by the plaintiff. "The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee." *Konst v. Florida East Coast Railway Co.,* 71 F.3d 850, 851 (11th Cir.1996) (citation omitted). This presumption is based on "the probability that the officers of the government [postal service employees] will do their duty and (sic) the usual course of business." *Id.* at 852 n. 1 (citing *Rosenthal v. Walker,* 111 U.S. 185, 193–94, 4 S.Ct. 382, 28 L.Ed. 395 (1884)).

Service in bankruptcy cases by U.S. Mail under what is now F.R.B.P. 7004(b), rather than personal service, has been held to pass constitutional due process muster. In *Creditors Committee of Park Nursing Center, Inc. v. Samuels (In re Park Nursing Center, Inc.),* 766 F.2d 261, 263 (6th Cir.1985), the court wrote:

A rule of notice in bankruptcy proceedings is adequate if it meets the following conditions in addition to cost-effectiveness. The rule must reasonably be calculated to achieve actual notice, and there must be an available procedure, either as part of the rule, or as part of the general rules of civil procedure under which a person who fails to receive notice, through no fault of his own, has some available remedy for setting aside the judgment of default entered against him.

The court went on to hold that F.R.Civ.P. 55(c) and F.R.Civ.P. 60(b) together provided those remedies. *Id.* Thus, the court wrote:

If a default judgment in bankruptcy proceedings is entered against an individual who, through no fault of his own, failed to receive actual notice by first-class mail, then that judgment should be set aside under these rules upon a showing of meritorious defense.

*Id.*

The court, therefore, gleans from these authorities the following controlling principles:

■ A defendant against whom a judgment by default has been obtained through service by U.S. Mail under F.R.B.P. 7004 must establish three elements to set aside the judgment. First, the defendant must rebut the presumption of receipt and establish that it did not receive the summons and complaint properly sent to it by U.S. Mail. Second, the defendant must establish that the failure to receive the process was not the result of its own fault. Third, the defendant must show a meritorious defense to the plaintiff's complaint.

*Applying the Legal Standards*

1. *Failure to receive the process by U.S. Mail.*

■ The facts are clear: the defendant did not receive notice of the pendency of the

adversary proceeding until after the entry of the judgment by default when the plaintiff sent notice to the defendant at its new business address.

The plaintiff mailed the process to the defendant at a stale address.

The defendant's president states under oath that the defendant did not receive the process. This failure of receipt is consistent with the other mail-forwarding problems the defendant experienced after its move; the defendant had problems receiving other mail addressed to its former business address.

In this case, therefore, the defendant has rebutted the presumption of receipt.

## 2. The defendant's lack of fault.

This record contains nothing that can be construed as fault on the defendant's part that led to its failure to receive the process send by the plaintiff by U.S. Mail. The defendant simply moved its business from one location to another. Nothing suggests that the defendant was hiding or was evading service. Unhappily, the defendant experienced mail-forwarding problems. But these problems were generic; they involved the defendant's mail generally. The defendant did not receive other pieces of its mail in addition to not receiving the process sent by the plaintiff.

The plaintiff argues that the defendant's failure to notify the California Secretary of State of its new business address immediately constitutes fault. The plaintiff argues that he served the plaintiff at the defendant's address on record with the Secretary of State; had the defendant updated its address with the Secretary, the plaintiff would have learned of the new address and served the defendant at the new address.[1]

■ In the absence of any suggestion that the defendant was hiding or evading service, the court cannot find that the defendant's

failure to report its new address to the Secretary of State immediately upon changing locations constitutes any fault on the defendant's part. The defendant gave the new address to the Secretary when it filed its annual corporate report some seven months after the move. This seems a perfectly valid and acceptable practice. Indeed, the court can think of few corporate officials who would think to notify the state secretary of state of their corporation's change of address immediately upon moving their business. Doing so in connection with filing the next annual corporate report a few months later appears completely reasonable.

## 3. Existence of meritorious defenses.

■ In this adversary proceeding, the defendant has defenses, among others, stemming from *Whitaker v. Frito–Lay, Inc. (In re Olympia Holding Corp.)*, 88 F.3d 952 (11th Cir.1996), the Negotiated Rates Act of 1993, and *Whitaker v. Power Brake Supply, Inc. (In re Olympia Holding Corp.)*, 68 F.3d 1304 (11th Cir.1995). Indeed, *Frito–Lay* [2] and *Power Brake Supply* are cases that came out of this very bankruptcy case. Were the court to adjudicate the plaintiff's claims on their merits, it is not at all clear that the plaintiff would obtain judgment against the defendant. In these circumstances, therefore, the defendant plainly has meritorious defenses to assert.

## CONCLUSION

For all of these reasons and based upon all of these relevant circumstances, the court concludes that the defendant has established the required elements to set aside the judgment by default.

Accordingly, the court grants the defendant's motion to set aside default and judgment by default. The court hereby vacates the default and the judgment by default. The proposed answer and affirmatives de-

---

1. These "facts" are not established by affidavit. The plaintiff has simply placed them in his brief and argued them. Because the defendant appears to accept these facts as true in its brief, the court will similarly accept them despite their absence from the sworn record.

2. A defendant against whom a judgment by default was entered before *Frito–Lay* was decided may use *Frito–Lay* to set aside the judgment. *Whitaker v. Columns, Inc. (In re Olympia Holding Corp.)*, No. 98–CV–160–J–21 (M.D.Fla., Apr. 29, 1998), *rev'g* 216 B.R. 1004 (Bankr.M.D.Fla.1998), *aff'd*, 166 F.3d 353 (11th Cir.1998).

fenses (including counterclaim) previously filed by the defendant are deemed timely filed.