In re WINN DIXIE STORES, INC., et al., Debtors.

Winn–Dixie Stores, Inc. and Winn–Dixie Raleigh, Inc., Plaintiffs,

v.

Carol Schweitzer and Sedgwick Claims Management Services, Inc., Defendants.

Bankruptcy No. 05–3817–3F1.
Adversary No. 06–127.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Aug. 7, 2006.

Adam Ravin, Skadden Arps Slate Meagher & Flom, LLP, New York, NY, Allan E. Wulbern, Cynthia C. Jackson, David L. Gay, James H. Post, Stephen D. Busey, Smith Hulsey & Busey, Jacksonville, FL, for Debtors.

Elena L. Escamilla, Kenneth C. Meeker, United States Trustee, Orlando, FL, for U.S. Trustee.

Dennis F. Dunne, Milbank, Tweed, Hadley & McCloy LLP, New York, NY, John B. MacDonald, Patrick P. Patangan, Akerman Senterfitt, Jacksonville, FL, for Creditor Committee.

Leanne McKnight Prendergast, Smith Hulsey & Busey, Jacksonville, FL, for Debtors/Plaintiffs.

Joseph M Lyon, Lopez Hodes Restaino Milman & Skikos, Cincinnati, OH, Lance Paul Cohen, Cohen & Thurston, P.A., Jacksonville, FL, for Defendants.

### ORDER DENYING MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT

JERRY A. FUNK, Bankruptcy Judge.

This proceeding came before the Court upon Motion to Set Aside Entry and Default Judgment for Lack of Notice filed by defendant Carol Schweitzer ("Schweitzer") and Plaintiffs' Response in Opposition to Motion to Set Aside Entry and Default Judgment for Lack of Notice.

### Background

Prior to the Debtors' Chapter 11 filing, Sedgwick Claims Management Services, Inc. ("Sedgwick") served as the Debtors' claims agent. Sedgwick continues in that role post-petition as an agent of the Debtors' estates. As the Debtors' pre-petition claims agent, Sedgwick was authorized to negotiate settlements of claims against the Debtors.

Shortly before the Debtors filed their Chapter 11 petitions, Sedgwick negotiated an $85,000.00 settlement of a claim against Plaintiffs asserted by Schweitzer (the "Schweitzer Settlement"). On February 21, 2005 the Debtors filed bankruptcy petitions. The petitions were filed before a check was issued for the Schweitzer Settlement. The Debtors instructed Sedgwick that the Schweitzer settlement, which was a pre-petition claim, could not be paid post-petition.

In April, 2005 Schweitzer commenced an action against Sedgwick in the District Court for the Southern District of Ohio, Western Division (Case No. 1:05CV242) (the "District Court Action") for breach of contract. Schweitzer sought the $85,000.00, punitive damages, attorney's fees, and costs. Sedgwick served a demand on Plaintiffs to defend and indemnify Sedgwick in the District Court Action.

On March 17, 2006 Plaintiff commenced this adversary proceeding. The Complaint sought a declaratory judgment that Sedgwick was not liable to Schweitzer. The Complaint and Summons were served on Schweitzer in accordance with Rule 7004(b)(1), Federal Rules of Bankruptcy Procedure. Schweitzer failed to file a responsive pleading to the complaint. On April 18, 2006 Plaintiffs filed Motion for Default against Schweitzer. On April 21, 2006 the Clerk entered a default against Schweitzer. On April 24, 2006 the Court entered Order on Plaintiff's Motion for Final Judgment against Schweitzer and Final Judgment against Schweitzer (the "Judgment"). On June 20, 2006 Schweitzer filed Motion to Set Aside Entry and Default Judgment for Lack of Notice. On July 14, 2006 Plaintiffs filed Response in Opposition to Motion to Set Aside Entry and Default Judgment for lack of notice.

■ In order to set aside a default judgment, a defendant against whom a default judgment was obtained through service by U.S. mail must: 1) rebut the presumption of receipt and establish that [she] did not receive the summons and complaint; 2) establish that the failure to receive the process was not the result of [her] own fault; and 3) show a meritorious defense to the plaintiff's complaint. *In re Olympia Holding Corp.*, 230 B.R. 623, 628 (Bankr.M.D.Fla.1999). In order to establish a meritorious defense, a moving party "must make an affirmative showing of a defense that is likely to be successful." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir.1986) (citation omitted).

■ The Court turns first to the meritorious defense requirement. Schweitzer asserts the following defenses to the Complaint. First, Schweitzer asserts that the District Court Action will not affect Plaintiffs' estate and that this Court therefore does not have subject matter jurisdiction. Schweitzer asserts that notwithstanding the fact that the outcome of the District Court Action could result in an indemnification claim against Plaintiffs' estate, this proceeding does not fall within the Court's related to jurisdiction. Schweitzer asserts that if she prevails in the District Court action, Sedgwick, not Plaintiffs, will be responsible for the $85,000.00. Finally, Schweitzer requests that the Court permissively abstain from accepting jurisdiction because the District Court Action is

far advanced and is centered on state law issues.

 If Schweitzer prevails against Sedgwick in the District Court Action, Plaintiffs' estate will be required to indemnify Sedgwick and pay the Schweitzer settlement in full as an administrative expense claim. Because the outcome of the District Court Action Action could affect the administration of Plaintiff's estates, it is related to these cases. The Court does have subject matter jurisdiction. Additionally, in light of the fact that the adjudication of the Complaint will directly affect the administration of the Debtors' estates, the Court finds it inappropriate to abstain from accepting jurisdiction. In any event, Schweitzer's allegations regarding abstention are legally irrelevant to the issue of whether the Judgment should be set aside.

■ Schweitzer failed to set forth any facts relevant to the central issue set forth in the Complaint, that is whether Sedgwick, as a disclosed agent of Plaintiffs, is liable for the payment of the settlement proceeds. Sedgwick, as the disclosed agent of Plaintiffs, is not liable for Plaintiffs' failure to fund the settlement agreement. See *Stuart v. Nat'l Indem. Co.*, 7 Ohio App.3d 63, 454 N.E.2d 158, 163 (1982) ("An agent acting for an openly identified principal is ordinarily not liable in contract for the principal's breach of contract, because the claimant has presumably relied solely on the known principal's credit and performance." (citations omitted)); *James G. Smith & Assocs. v. Everett*, 1 Ohio App.3d 118, 439 N.E.2d 932, 935 (1981) (If the existence of the agency and the identity of the principal are known to a plaintiff, the agent is not liable for any breach by the principal as long as the agent was acting within the scope of its authority).

The Court finds that Schweitzer failed to "make an affirmative showing of a defense that is likely to be successful" and there-fore failed to establish a meritorious defense. Having found that Schweitzer failed to establish a meritorious defense, the Court need not address whether she rebutted the presumption of receipt of the summons and Complaint and, if so, whether the failure to receive the process was her fault. Upon the foregoing, it is

**ORDERED:**

Motion to Set Aside Entry and Default Judgment for Lack of Notice is denied.