**In re JRA 222, INC. d/b/a Credit Card Center, Debtor(s).**

**Frederick Cohen, Trustee for JRA 222, Inc. d/b/a Credit Card Center, Plaintiff(s)**

v.

**Andrew J. Kallok, Ellen King, Kimberly King, ATM Processing, Inc., Defendant(s).**

**Bankruptcy No. 01–18495ELF. Adversary No. 03–0640.**

United States Bankruptcy Court, E.D. Pennsylvania.

April 2, 2007.

---

Angela Lynn Baglanzis, Edmond M. George, Michael D. Vagnoni, Obermayer Rebmann Maxwell & Hippel LLP, Philadelphia, PA, for Plaintiff.

Robert S. Arbeit, Hauppauge, NY, Thomas P. Pfender, Philadelphia, PA, for Defendant Andrew J. Kallock.

## *MEMORANDUM*

ERIC L. FRANK, Bankruptcy Judge.

## I. *INTRODUCTION*

This adversary proceeding centers on the efforts of Plaintiff Frederick Cohen, Trustee ("the Trustee") to set aside and recover certain alleged fraudulent transfers. *See* 11 U.S.C. §§ 544, 548 and 550.

There are four (4) defendants in the adversary proceeding: (1) Ellen King ("Ellen"); (2) Kimberly King ("Kimberly"); and (3) ATM Processing, Inc. ("ATMP"); and (3) Andrew J. Kallok ("Kallok") The Trustee has filed motions for the entry of a default judgment (collectively, "the Motions") against three (3) of the four (4) defendants: Ellen, Kimberly and ATMP.

The Trustee's claim against Ellen is based on her alleged purchase of real estate located at 22815 Crespi Street, Woodland Hills, California ("the California Property"). In the Complaint, the Trustee alleges that the California Property was purchased and improved with the Debtor's funds. At the hearing on the Motion, the Trustee introduced evidence that Ellen has sold the California Property. The Trustee seeks to recover the Debtor's funds allegedly used to purchase the California Property and the bankruptcy estate's share of any profits realized from the re-sale of the property.

The Trustee's claims against Kimberly and ATMP are not clearly articulated in the Complaint. The Complaint alleges that the Debtor funded the startup and acquired a 50% ownership interest in ATMP while "[s]ubsequent documents show" that the fourth defendant, Kallok, "has asserted that he is the owner of the 50% interest in ATMP." [1] Complaint ¶¶ 20–22. Based on those allegations, it would seem that the Trustee's claims relating to ATMP were directed against Kallok, not Kimberly or ATMP. However, the nature of the Trustee's claims against Kimberly and ATMP were clarified at the hearing on the Motions. The Trustee now asserts that Kimberly and ATMP are liable to the bankruptcy estate for distributing profits from the operations of ATMP to Kallok instead of the Debtor.[2]

For the reasons more fully explained below, I conclude that it would be inequitable to grant the Motions as to any of the three (3) defendants who have not filed formal answers to the Complaint. I will deny the Motions without prejudice to the Trustee's right to assert his claims against Ellen, Kimberly and ATMP at the trial of this adversary proceeding.[3]

## II. PROCEDURAL HISTORY

The Trustee initiated this adversary proceeding by filing a Complaint on June 6, 2003.[4] On September 25, 2003, the Trustee filed returns of service stating that on

---

1. Kallok has filed an Answer to the Complaint. *See* Docket Entry No. 47 (entered 1/16/04). Therefore, he is not subject to a motion for default judgment.

2. It now appears the Debtor's 50% ownership interest in ATMP is not disputed; nor is Kimberly's ownership of the remaining 50% of ATMP.

3. The Complaint also seeks turnover under 11 U.S.C. § 542, the imposition of a constructive trust and injunctive relief. Given the passage of more than three (3) years since the filing of the Complaint and the absence of a request for injunctive relief at the hearing held on the Trustee's motion for entry of a default judgment, I presume that the Trustee has abandoned that claim, at least as to the three (3) defendants against whom he seeks a default judgment. The § 542 and constructive trust claims appear to be alternative legal theories for recovery what is essentially an alleged fraudulent transfer. My reasons for denying the Trustee's request for a default judgment on the fraudulent transfer claims, explained below, are equally applicable to the Trustee's alternative legal theories. Finally, the Complaint makes one reference to 11 U.S.C. § 547. *See* Complaint ¶ 8. However, I do not read the balance of the Complaint to raise a preference claim against any of the defendants.

4. Prior to February 14, 2006, my predecessor on the bench, the Hon. Kevin J. Carey, presided over this adversary proceeding.

that date, service of the Complaint and Summons was made on:

(1) Ellen, by first class mail addressed to her at 11815 Crespi Street, Woodland Hills, CA 91364;

(2) Kimberly, by first class mail addressed to her at P.O. Box 3130, Cody, WY 82414; and

(3) ATMP, by first class mail addressed to two (2) different addresses.[5]

(4) Kallok, by first class mail addressed to him at 7 Derwyn Road, Bala Cynwyd, PA 19003.

On March 30, 2004, the Trustee filed separate requests for entry of default against Ellen, Kimberly and ATMP. *See* Fed. R. Bankr.P. 7055 (incorporating by reference Fed.R.Civ.P. 55). On the same day, the Trustee filed motions for default judgment against Ellen, Kimberly and ATMP, respectively.

On April 16, 2004, in response to the filing of the request for entry of default and the motion for default judgment, Ellen sent a letter to the court, denying receipt of the Complaint and Summons, but acknowledging receipt of the Motion. In the letter, Ellen pointed out that the Complaint and Summons were served at a different address than the Motion.[6] She also asserted that she neither owned nor lived at the Crespi Street property (*i.e.,* the California Property) when service of the Complaint was made.[7] Finally, she denied liability, stating that all of her dealings with respect to the matters in the Complaint were with Kallok and not with the Debtor.

On April 22, 2004, also in response to the request for entry of default and the motion for default judgment, Kimberly filed what she styled as a "Response to Praecipe for Entry of Default Judgment." In her Response, Kimberly asserted that "there is no cause or fact to substantiate the [Trustee's] claim." More specifically, she stated that all of the money owed to the Debtor was paid.

The Motions were initially scheduled for a hearing on May 12, 2004. That hearing was continued, as were the next seventeen (17) scheduled hearings. On February 7, 2007, a final continuance was granted with instructions from the court that the Trustee send notice of the final hearing date to the Respondents. The Trustee did so, serving: (1) Ellen at the California Property and at the Derwyn Road address; (2) Kimberly at an address in Texas (1302

---

5. The Trustee filed two (2) separate Certificates of Service as to ATMP, both stating that service was made on September 25, 2003 by first class mail. The two addresses served were: (1) Attn: Officer, Managing or General Agent, P.O. Box 3130, Cody, WY 82414; and (2) Kimberly King, c/o Robert Kline, Esq., 124 Chestnut Street, Philadelphia, PA 19106.

6. In September 2003, the Complaint and Summons were served on Ellen at *11815* Crespi Street while in March 2004, the motion for default judgment was served on Ellen at *22815* Crespi Street. The motion for default judgment was also served on Ellen at 7 Derwyn Road, Bala Cynwyd, PA. *See* Docket Entry No. 65. Ellen used the 7 Derwyn Road, Bala Cynwyd, PA address as her return address in her April 16, 2004 letter to the court (although she spelled the name of the road as "Derwen"). I infer that she was either residing there or receiving her mail there in March 2004 when the motion was filed.

7. This assertion was borne out by the evidence submitted by the Trustee at the hearing on the Motions. Ellen sold the California Property to a third party on August 18, 2003, more than one month before service of the Complaint. There is nothing in the record to suggest that she continued to reside in the California Property after it was sold and, based on common experience, I consider it more likely than not that she was residing elsewhere when the Trustee attempted to serve the Complaint and Summons on her at the California Property.

Wakefield Court, Southlake, TX 76092); and (3) ATMP at the same Texas address that was used to serve Kimberly.

On March 20, 2007, Kimberly filed another Response to the motion for default judgment, consisting of a copy of her prior Response, previously filed on April 22, 2004. No further response was received from Ellen.

On March 21, 2007, the evidentiary hearing on the Motion was held. At the hearing, the Trustee presented one witness: Jeffrey Baccari, a certified public accountant.[8]

## III. LEGAL PRINCIPLES GOVERNING THE ENTRY OF A DEFAULT JUDGMENT

Default judgments in adversary proceedings are governed by Fed. R. Bankr.P. 7055 which incorporates by reference Fed.R.Civ.P. 55. Rule 55 provides, in pertinent part:

(a) **Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) **Judgment.** Judgment by default may be entered as follows:

(1) **By the Clerk.** When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) **By the Court.** In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

(c) **Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

 The principles governing the entry of default judgments were delineated comprehensively by the court in *In re Park*, 272 B.R. 323, 328–329 (Bankr.D.N.J. 2001). Set forth below is the *Park* court's discussion, which I have reorganized into outline form (with citations omitted).

---

8. Mr. Baccari is employed by Executive Sounding Board Associates, Inc. ("ESBA"). By order dated October 28, 2002, the court authorized the Trustee to employ ESBA as his financial advisor. *See* Docket Entry Nos. 604 & 610 (in Bky. No. 01–18495).

1. Obtaining a default judgment involves a two step process.
 a. First, default must actually be entered against the non-appearing party.
 b. Second, after the entry of default, the movant must request the entry of a default judgment. Although application for the entry of a default and default judgment are often submitted simultaneously to a court, the two procedural steps are analytically independent, and each step has distinct consequences.
2. The entry of default does not automatically entitle the nondefaulting party to the entry of a default judgment.
3. Instead, the general effect of an entry of default is to deem the allegations contained in a complaint as admitted. Accordingly, a defaulting party may not attack the factual allegations in a complaint; however, that does not mean that the party admits to the legal conclusions made in the complaint.
4. Even after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit to mere conclusions of law.
5. A trial court has wide discretion in determining whether to enter a default judgment, and its decision will not be overturned, unless there is an abuse of discretion. In exercising that discretion, the court may consider
 a. the possibility of prejudice to the plaintiff;
 b. the merits of plaintiff's substantive claim;
 c. the sufficiency of the complaint;
 d. the sum of money at stake in the action;
 e. the possibility of a dispute concerning material facts;
 f. whether default was due to excusable neglect; and
 g. the strong policy underlying the Federal Rule of Civil Procedure favoring decisions on the merits.

*See also, DirecTV v. DeCroce*, 332 F.Supp.2d 715, 717 (D.N.J.2004), *rev'd on other grounds*, 431 F.3d 162 (3d Cir.2005); *Net Construction, Inc. v. C & C Rehab and Construction, Inc.*, 256 F.Supp.2d 350, 354 (E.D.Pa.2003).

## IV. THE TRUSTEE'S MOTION FOR DEFAULT JUDGMENT WILL BE DENIED AS TO ELLEN KING

Based on the existing record, I conclude that the Motion should be denied as to Ellen.

 As stated above, *see* nn. 6–7 & accompanying text, I find that the Complaint and Summons were not served upon her in accordance with Fed. R. Bankr.P. 7004[9] and that she had no notice of this adversary proceeding when the Trustee entered the Rule 55(a) default and filed the Rule 55(b) Motion. Indisputably, the lack of notice is an excuse for her failure to respond to the Complaint. *See In re Olympia Holding Corp.*, 230 B.R. 623 (Bankr. M.D.Fla.1999).

Moreover, on April 16, 2003, promptly after learning of the litigation (*i.e.*, within approximately two weeks), Ellen respond-

---

**9.** Rule 7004 authorizes service upon an individual by first class mail sent "to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession." The Trustee's service on September 25, 2003 was made at the wrong address, *11815* Crespi Street instead of *22815* Crespi Street, presumably due to a clerical error. Even if it had been sent to the correct address, Ellen no longer resided there at the time of service. *See* n. 7, *supra*.

ed in writing with an explanation of the reasons for her delay in responding and a denial of liability.[10] In light of the liberal construction traditionally afforded to *pro se* submissions to the court, I consider it appropriate to treat Ellen's April 16, 2003 as an attempt to set aside the entry of default under Rule 55(c) and to file a *pro se* answer to the Complaint. *See In re A.H. Robins, Co., Inc.*, 208 B.R. 860, 861 n. 1 (E.D.Va.1997); *In re Mosley*, 330 B.R. 832, 834 (Bankr.N.D.Ga.2005). Given the defective service of the Complaint and Summons, I consider the request for relief from the entry of default meritorious, so I will permit her response to be treated as an answer to the Complaint. It follows that the Trustee's motion for entry of a default judgment must be denied as to Ellen.

This decision to grant Ellen relief from the default and to deny the Trustee's motion is also influenced by the fact that the evidence at the hearing on the motion did not, by any means, establish the merits of the Trustee's claim against Ellen. At the hearing, the Trustee relied almost exclusively on the deposition testimony of Kallok to establish that the Debtor's assets were used to purchase the California Property. However, at his deposition, Kallok did not unequivocally state that the Debtor's funds were used for that purpose. Rather, his somewhat ambiguous testimony suggests that he believed that he used his own money, not the Debtor's money, when he contributed to Ellen's purchase of

the California Property.[11] Thus, it is quite possible that the success of the Trustee's claim against Ellen may require a finding that Ellen was a subsequent transferee of assets fraudulently transferred by the Debtor to Kallok. *See* 11 U.S.C. § 550(a)(2). The present record does not support such a finding, making it appropriate to defer a decision on the issue until the Trustee's case against Kallok has been presented at trial.

## V. THE TRUSTEE'S MOTION FOR DEFAULT JUDGMENT WILL BE DENIED AS TO KIMBERLY KING AND ATMP

For similar reasons, I consider it appropriate to deny the Trustee's motions as to Kimberly and ATMP.

■ Like Ellen, shortly after the entry of the Rule 55(a) default and the filing of the motion under Rule 55(b), Kimberly filed a *pro se* response to the entry of default and the motion.[12] Unlike Ellen, however, there is nothing in the record that suggests that Kimberly was served improperly with the Complaint and Summons or otherwise lacked notice of these proceedings. Nevertheless, for three reasons, I consider it appropriate to deny the motions as to Kimberly and ATMP and defer a ruling on the merits of the Trustee's claims against them until trial of the entire adversary proceeding.

First, the sufficiency of the Complaint is questionable. Nothing in the Complaint put Kimberly and ATMP on notice that

---

**10.** The response was written in the form of a letter addressed to the Clerk's Office with a salutation to Judge Carey and counsel for the Trustee. It was docketed by the Clerk as "Response to the Motion for Default Judgment." *See* Docket Entry No. 71.

**11.** Deposition of Andrew Kallok (January 21, 2003) at 17:

Q. Now, did the debtor's money also go to improve that piece of property?

A. Revenue that I received from the company went to do that, yes. That would be revenue that I declared.

**12.** The document was titled "Response to Praecipe for Entry of Default Judgment." The hybrid title suggests that Kimberly did not grasp the distinction between Rule 55(a) and (b).

the Trustee was challenging distributions of ATMP corporate profit, as opposed to an alleged fraudulent transfer of an ownership interest in ATMP. The Complaint suggests only that Kallok diverted an asset (the 50% ownership of ATMP from the Debtor). Based on the four corners of the Complaint, it is doubtful that entry of a default judgment is warranted against Kimberly and ATMP.

The narrow focus of the Complaint is significant due to the limited consequences of an entry of default under Rule 55(a). As a result of the entry of default against Kimberly and ATMP, the factual allegations of the Complaint are deemed admitted but the legal conclusions are not admitted. Put another way, the entry of default may be an admission of the facts pleaded, but it is not necessarily an admission of liability.

Second, the Trustee has been on notice of Kimberly's opposition and the nature of her defense for more than three (3) years, during which time the Trustee requested numerous continuances of the hearing on the Motion. In these circumstances, it is difficult to envision that the Trustee has suffered any prejudice from Kimberly's delay in formally appearing in this adversary proceeding. The lack of prejudice to the Trustee combined with the policy favoring decisions on the merits render it appropriate to grant Kimberly relief under Rule 55(c) and to treat her response as an answer to the Complaint.

Finally, the evidence presented at the hearing on the Motions left open some question as to the merits of the Trustee's claim. At the hearing, the Trustee refined his theory of liability as to Kimberly and ATMP. The Trustee presented evidence suggesting that ATMP generated profits which Kimberly (and presumably, ATMP) failed to distribute to the Debtor on account of the Debtor's 50% ownership interest in ATMP. The amount at issue is in excess of $3,000,000. However, the Trustee's witness had no knowledge concerning the interactions between Kallok and Kimberly which might explain the reasons why ATMP profits were not deposited into accounts of the Debtor. Particularly in light of Kimberly's defense that all of the money due the Debtor was paid in the manner directed by Kallok (the Debtor's principal and CEO), I find it appropriate to defer any finding of liability until the record is more fully developed.[13]

## VI. CONCLUSION

For the reasons set forth above, I will set aside the entry of default against Ellen, Kimberly and ATMP. I will treat the written responses to the Trustee's motions for default judgment filed by Ellen and Kimberly as their respective answers to the Complaint. In addition, I will deny the Trustee's motions for the three (3) requested default judgments. The denial of the Trustee's motions is without preju-

---

**13.** Kimberly signed the response to the motions for default judgment on behalf of herself. She also signed the response on behalf of ATMP, in her capacity as President of ATMP. However, ATMP may not appear in this adversary proceeding through its corporate officer and without counsel. See, e.g., 28 U.S.C. § 1654; *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir.1985), reh'g *denied*, 775 F.2d 304 (11th Cir.1985), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 799, 88 L.Ed.2d 775 (1986); *Simbraw, Inc. v. United States*, 367 F.2d 373, 374–75 (3d Cir.1966); *Turner v.*

*American Bar Association*, 407 F.Supp. 451, 476 (N.D.Tex.1975), *aff'd*, 539 F.2d 715 (7th Cir.1976); *In re Earle Industries, Inc.*, 67 B.R. 822, 823 (Bankr.E.D.Pa.1986). Nevertheless, the reasons for my decision to grant Kimberly relief under Rule 55(c) and to deny the Trustee's motion for a default judgment against Kimberly apply with equal force to ATMP. Therefore, I will exercise my discretion to accord ATMP the same treatment, notwithstanding the absence of a proper appearance on behalf of the entity.

dice as to the merits of the Trustee's claims.

### ORDER

**AND NOW,** upon consideration of the Plaintiff's Motion for Entry of Default Judgment against Defendants Ellen King, Plaintiff's Motion for Entry of Default Judgment against Defendant Kimberly King and Plaintiff's Motion for Entry of Default Judgment against Defendant ATM Processing, Inc. (collectively, "the Motions"), and after a hearing, and for the reasons set forth in the accompanying Memorandum, it is hereby **ORDERED** that:

1. The entries of default under Rule 55(a) as to Defendants Ellen King (Docket Entry No. 63), Kimberly King (Docket Entry No. 60) and ATM Processing, Inc. (Docket Entry No. 57) are **VACATED.**

2. The Motions are **DENIED** without prejudice as to the merits of the Trustee's claims against Defendants Ellen King, Kimberly King and ATM Processing, Inc.

3. The Plaintiff's claims against Defendants Ellen King, Kimberly King and ATM Processing, Inc. shall be tried with the Plaintiff's claims against Defendant Andrew J. Kallok.

4. All of the Defendants shall be subject to the terms of Pretrial Order # 2 (Docket Entry No. 146).